

SIDERATION of the motion filed by counsel for appellant to stay the execution of sentence in the above-styled cause pending the exhaustion of state post-conviction remedies, IT IS ORDERED by the court that said motion be, and the same is hereby, granted, effective December 17, 1990.

IT IS FURTHER ORDERED by the court that said stay is granted for a period of six months to allow appellant an opportunity to file a petition for post-conviction relief. Absent such a filing within said time period, this stay will expire, and no further time will be granted except in unusual circumstances.

IT IS FURTHER ORDERED by the court that if a petition for post-conviction relief has been filed within the time allotted, a date-stamped copy of such petition shall be filed by appellant with the Clerk of this court, and this stay shall remain in effect until exhaustion of all state post-conviction proceedings, including any appeals.

IT IS FURTHER ORDERED by the court that the compliance with the mandate and execution of sentence be, and the same are hereby, stayed for a period of six months or, if a petition for post-conviction relief is filed within that time period, pending the exhaustion of all proceedings for post-conviction relief before courts of this state.

## MISCELLANEOUS DISMISSALS

**90-1776.** Loynd v. Scott Molders, Inc. *Portage County,* No. 88-P-2018. Cause dismissed, on application of counsel for appellant, effective December 18, 1990.

**Wednesday, December 26, 1990**

## MERIT DOCKET

**Thursday, December 20, 1990**

## MOTION DOCKET

**89-310.** State v. Wickline. *Franklin County,* No. 87AP-46. UPON CON-